IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JAMES ARTHUR SHARKEY                                                              PLAINTIFF

V.                                                                      NO. 4:18-CV-17-DMB-JMV

HUMPHREYS COUNTY, MISSISSIPPI,
et al.                                                                                 DEFENDANTS

**ORDER**

Before the Court in this civil rights action is Sean Williams' motion for summary judgment. Doc. #12.

**I**
**Procedural History**

On February 9, 2018, James Arthur Sharkey, with the assistance of counsel, filed a complaint in this Court against (1) Humphreys County, Mississippi; (2) J.D. Roseman, in his individual capacity and official capacity as sheriff of Humphreys County; and (3) Sean Williams, in his individual capacity and official capacity as deputy sheriff of Humphreys County. Doc. #1. The complaint alleges state and federal claims arising from an allegedly unlawful arrest of Sharkey by Williams, which included the use of excessive force. *Id*. at 2–5. The defendants jointly answered the complaint on March 5, 2018. Doc. #8.

On April 9, 2018, Williams, asserting the defense of qualified immunity, filed a motion seeking summary judgment on the claims brought against him in his individual capacity. Doc. #12. That day, United States Magistrate Judge Jane M. Virden stayed the case pending a decision on the summary judgment motion. Doc. #14.

Three days later, Sharkey's counsel filed a motion to withdraw due to "a fundamental difference between himself and … Sharkey …." Doc. #15. On April 30, 2018, Judge Virden

granted Sharkey's counsel's motion to withdraw, and provided Sharkey "thirty (30) days to obtain other counsel … or notify the court that he intends to proceed *pro se* in the above styled cause." Doc. #18 at 1. Sharkey, though not obtaining other counsel, did not file a notice within thirty days.

On May 31, 2018, the defendants moved to dismiss Sharkey's claims for his failure to comply with a court order. Doc. #19. On June 13, 2018, the Court received from Sharkey a document dated May 29, 2018. Doc. #20. Although less than clear, the document, which listed claims Sharkey wished to pursue, appeared to be a response to Judge Virden's April 30 order. *See id*. On June 22, 2018, Judge Virden issued a Report and Recommendation ("R&R") finding that Sharkey's filing "however off center, does not signal to the court that the plaintiff has abandoned his claims or ignored the court's order." Doc. #21 at 2. Thus, the R&R recommended that the motion to dismiss be denied and that "Plaintiff be given one last opportunity to properly comply with the court's order." *Id*. at 3. To that end, the R&R directed that Sharkey "within (14) days of today's date, comply with the [18] order of the court to retain new counsel, or to inform the court that he will proceed *pro se*, or show cause why his cause should not be dismissed, *sua sponte*, for failure to comply." *Id*. at 1. On July 11, 2018, this Court received from Sharkey a document dated July 6, 2018, which states that he is proceeding pro se and appears to respond to the motion for summary judgment with medical records and a series of unsworn declarations. Docs. #22, #22-1.

On October 1, 2018, this Court by order adopted the R&R and denied the defendants' motion to dismiss. Doc. #23. The order provided, "Sharkey may file a response to Williams' motion for summary judgment within fourteen (14) days of this order." *Id*. at 3.

On or about October 16, 2018, Sharkey filed a handwritten document which the Clerk of the Court docketed as an objection to the R&R but, in substance, is a motion for a pretrial conference. Doc. #24. Shortly after, on November 5, 2018, the defendants moved to strike

2

Sharkey's October 16 motion. Doc. #25.

## II
## Motion for Pretrial Conference and Motion to Strike

Sharkey's handwriting is difficult to parse. However, it appears his October 16 motion states:

> Your Honor, I James Arthur Sharkey; request for a motion for pre-trial conference using our adversary system. Rules of law that will warrant a fair proceeding and using perjury to the fullest extent of the law, I believe that our country is obligated to expose law enforcement officers that obstruct justice instead of enforce justice, not having probable cause only proximate cause. I have prepared my witnesses to testify on my behalf, including my brother Charles Edward Sharkey, the Humphrey County Sheriff Department called my brother while he and his wife were shopping to come to the Sheriff Department in an attempt after lying on the offender report. I and my brother believe that it was an attempt of subornation perjury with their attempt to question my brother or their attempt to obstruct justice under federal statutes 18 U.S.C.A §§ 1501 to 1520.

Doc. #24. The defendants have moved to strike this document as an untimely objection to the R&R. Doc. #25.

As explained above, Sharkey's motion was docketed by the Clerk of the Court as an objection to the R&R. The document itself, however, makes no reference to the R&R. Rather, the document seeks a pre-trial conference based on the allegation that the Humphrey County Sheriff attempted to suborn perjury by calling Sharkey's brother to come to the Sheriff's office. Doc. #24. Because this is in no way an objection to the R&R, the motion to strike the document as an untimely objection will be denied.

As to the merits of the motion, the Court does not believe that a call to Sharkey's brother by the Sheriff's Department, standing alone, warrants a pre-trial conference in this case, or any other action by the Court. Therefore, the motion for pretrial conference will be denied.[1]

---

[1] However, to the extent Sharkey has evidence of improper conduct on the part of the Sheriff's Department regarding this litigation, he is encouraged to bring such evidence to the Court's attention through a motion for sanctions.

# III
# Summary Judgment Standard

Under Rule 56 of the Federal Rules of Civil Procedure, "[s]ummary judgment is proper only if the pleadings and record materials reveal no genuine issue as to any material fact." *Renwick v. PNK Lake Charles, L.L.C.*, 901 F.3d 605, 611 (5th Cir. 2018). "A material fact is one that might affect the outcome of the suit under governing law, and a fact issue is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* (quotation marks and citations omitted). In making these determinations, a court "must view the evidence in the light most favorable to the non-moving party, drawing all justifiable inferences in the non-movant's favor." *Id.* (quotation marks and alterations omitted). "The party moving for summary judgment bears the burden of identifying the portions of the record that demonstrate the absence of a genuine issue of material fact, and the nonmovant must then point to or produce specific facts demonstrating that there is a genuine issue of material fact." *James v. Woods*, 899 F.3d 404, 407 (5th Cir. 2018) (quotation marks and citation omitted). "Where the nonmoving party bears the burden of proof at trial, the moving party satisfies this initial burden by demonstrating an absence of evidence to support the nonmoving party's case." *Celtic Marine Corp. v. James C. Justice Cos., Inc.*, 760 F.3d 477, 481 (5th Cir. 2014).

When, as here, the moving party raises a defense of qualified immunity, "the court must decide: 1) Whether the facts, taken in the light most favorable to the plaintiff, make out a violation of a constitutional right; and 2) whether that right was 'clearly established' at the time of the defendant's alleged misconduct so that a reasonable official in the defendant's situation would have understood that his conduct violated that right." *Dean v. Phatak*, 911 F.3d 286, 291 (5th Cir. 2018).

# IV
# Analysis

In response to Judge Virden's directive that he notify the Court whether he intended to proceed pro se, Sharkey submitted medical records, Doc. #22-1; and unsworn statements prepared by himself and three alleged witnesses to the arrest at issue—Dorothy Kersh, Eddie Earl Smith, and Charles Sharkey, Doc. #22. The unsworn statements discuss the circumstances of the arrest and dispute many of the factual assertions in Williams' motion for summary judgment.[2]

The facts offered in the unsworn statements suggest that, at the time of his arrest, Sharkey was walking Williams to his bedroom to stop an argument between Sharkey's family and that Williams threw Sharkey onto a bed, placed his knee on Sharkey's neck and "smothered" him. *Id*. These declarations, which would likely warrant denial of William's motion for summary judgment,[3] have not been objected to by Williams.

For years, the law in the Fifth Circuit was clear that unsworn declarations, such as those proffered by Sharkey, were improper at the summary judgment stage. *See, e.g.*, *Larry v. White*, 929 F.2d 206, 211 n.12 (5th Cir. 1991). However, the Fifth Circuit recently held a district court erred in rejecting a "signed but unsworn report" solely because the document was unsworn. *Lee v. Offshore Logistical & Transp.*, L.L.C., 859 F.3d 353, 354–56 (5th Cir. 2017). In reaching this conclusion, the Fifth Circuit, relying on the 2010 amendments to Rule 56, noted:

> the rule expressly contemplates that affidavits are only one way to "support" a fact; "documents ... declarations, [and] other materials" are also supportive of facts. FED. R. CIV. P. 56(c)(1)(A). To avoid the use of materials that lack authenticity or

---

[2] To the extent Judge Virden did not authorize Sharkey to respond to the motion for summary judgment, these documents are properly deemed an untimely response to Williams' summary judgment motion. However, the Court considers these documents in light of Sharkey's pro se status and the fact that a response to the summary judgment motion was later authorized. *See Bulovic v. Both*, 14 F.Supp.3d 365, 390 n.21 (S.D.N.Y. 2014) (district court has discretion to consider untimely pro se brief).

[3] *See generally Alexander v. City of Round Rock*, 854 F.3d 298, 309–10 (5th Cir. 2017) (use of force objectively unreasonable when officer threw plaintiff to ground, kneed him in his back, and pushed his face into ground).

5

> violate other evidentiary rules, the new rule allows a party to object "that the material cited to support or dispute a fact cannot be presented in a form that would be admissible as evidence." FED. R. CIV. P. 56(c)(2)[.]

*Id*. at 355. Thus, in *Lee*, the Fifth Circuit remanded "for consideration of the summary judgment evidence under current Rule 56 including whether the particular material to which objection is lodged can or cannot be presented in a form that would be admissible at trial." *Id*. at 355–56 (internal quotation marks omitted).

In the wake of *Lee*, it is clear that when an unsworn declaration is subject to an evidentiary objection pursuant to Rule 56(c)(2), admissibility of the declaration depends on the proponent making a showing in response to the objection that the content of the declaration could be presented in a form that would be admissible at trial. What is less clear is the procedure for dealing with unsworn declarations where, as here, no objection has been raised. While the Fifth Circuit has held that district courts may raise evidentiary objections sua sponte,[4] it does not appear to have done so in an appeal from a decision applying the post-amendment rule. Indeed, the scope of the remand in *Lee*, which directed the district court to consider whether "the particular material *to which objection is lodged* can … be presented in a form that would be admissible at trial," suggests that sua sponte exclusion at the summary judgment stage, based on improper form, is inappropriate. 859 F.3d at 355–56 (emphasis added). This Court is also disinclined to admit unsworn declarations based on a failure to object when such failure may be attributable to ambiguous filings of a pro se plaintiff[5] and when the record renders it difficult, if not impossible,

---

[4] *Bellard v. Gautreaux*, 675 F.3d 454, 461 (5th Cir. 2012).

[5] As explained above, Sharkey submitted the declarations in response to Judge Virden's order requiring him to inform the Court if he intended to proceed pro se. Sharkey did not file a formal response to the motion for summary judgment after this Court granted him leave to do so.

to determine that the content of such declarations would be admissible at trial.[6]

Given the uncertainty in the law in this circuit, and in the interest of developing a proper briefing and evidentiary record, the Court will deny the motion for summary judgment without prejudice to re-filing within fourteen days of the issuance of this order.

V
**Conclusion**

Sharkey's motion[7] for a pretrial conference is **DENIED**. The defendants' motion to strike [25] is **DENIED**. Williams' motion for summary judgment [12] is **DENIED without prejudice**. Williams may re-file his motion for summary judgment within fourteen (14) days of the issuance of this order.

**SO ORDERED**, this 25th day of March, 2019.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[6] *See generally Ion v. Chevron USA, Inc.*, 731 F.3d 379, 382 n.2 (5th Cir. 2013) ("Although unsworn documents usually cannot raise fact issues precluding summary judgment, [a] declaration can be considered pursuant to the statutory exception found in 28 U.S.C. § 1746.").

[7] This motion, for the reasons mentioned above, was not docketed as a motion.