# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION

**JAMES ARTHUR SHARKEY**                                                    **PLAINTIFF**

**V.**                                                        **NO. 4:18-CV-17-DMB-JMV**

**HUMPHREYS COUNTY, MISSISSIPPI;**
**et al.**                                                                  **DEFENDANTS**

## ORDER

Before the Court in this civil rights action is Sean Williams' second motion for summary judgment, Doc. #27; "James Arthur Sharkey's Second Motion for the Right to Confrontation and Motion to Strike Deputy Williams' Second Motion for Qualified Immunity and for His Summary Judgment,"[1] Doc. #34; and Williams' motion to strike or deny Sharkey's motion, Doc. #35.

### I
### Procedural History

On February 9, 2018, James Arthur Sharkey, with the assistance of counsel, filed a complaint in the United States District Court for the Northern District of Mississippi against (1) Humphreys County, Mississippi; (2) J.D. Roseman, in his individual capacity and official capacity as sheriff of Humphreys County; and (3) Sean Williams, in his individual capacity and official capacity as deputy sheriff of Humphreys County. Doc. #1. The complaint alleges state and federal claims arising from an allegedly unlawful arrest of Sharkey by Williams which included the use of excessive force. *Id.* at 2–5. The defendants jointly answered the complaint on March 5, 2018. Doc. #8.

On April 9, 2018, Williams, asserting the defense of qualified immunity, filed a motion

---

[1] In the title of this handwritten motion by Sharkey, some of the words begin with an uppercase letter, some begin with a lower case letter, and for some, it is difficult to distinguish between the two. In quoting the title, the Court simply used typical capitalization standards.

seeking summary judgment on the claims brought against him in his individual capacity. Doc. #12. That day, United States Magistrate Judge Jane M. Virden stayed the case pending a decision on the summary judgment motion. Doc. #14. Three days later, Sharkey's counsel moved to withdraw due to "a fundamental difference between himself and … Sharkey." Doc. #15.

After Sharkey's counsel was granted leave to withdraw, Judge Virden directed Sharkey to inform the Court whether he intended to proceed pro se with this case. Doc. #21. On or about July 11, 2018, Sharkey filed a document dated July 6, 2018, which both stated that he is proceeding pro se and appeared to respond to the motion for summary judgment with medical records and a series of unsworn declarations prepared by himself and three alleged witnesses to his arrest at issue—Dorothy Kersh, Eddie Earl Smith, and Charles Sharkey. Doc. #22; Doc. #22-1. On October 1, 2018, the Court granted Sharkey leave to file a formal response to the motion for summary judgment. Doc. #23. Sharkey did not file a formal response.

On March 25, 2019, the Court, noting that Williams did not challenge the admissibility of the unsworn declarations, found that the facts in the declarations created genuine issues of material fact. Doc. #26. However, because Sharkey submitted the documents prior to having been granted leave to do so and because the nature of the documents were unclear, the Court declined to consider the documents before giving Williams an opportunity to lodge an objection to their admissibility. *Id*. at 6–7. Accordingly, the Court denied the motion for summary judgment without prejudice. *Id*. at 7.

Williams filed a second motion for summary judgment on April 8, 2019. Doc. #27. After the motion was fully briefed,[2] Sharkey filed "James Arthur Sharkey's Second Motion for the Right to Confrontation and Motion to Strike Deputy Williams' Second Motion for Qualified Immunity

---

[2] *See* Docs. #29, #31.

and for His Summary Judgment." Doc. #34. Two weeks later, Williams moved the Court to strike Sharkey's motion or, in the alternative, to deny it. Doc. #35. Sharkey did not respond to either motion.

## II
## Sharkey's Motion to Confront and Williams' Motion to Strike

Sharkey's motion is largely nonsensical but appears to seek a court order requiring the production of a 911 call of the incident in question based on his "rights for confrontation, … freedom of press, [and] right to a speedy trial to express [his case] to the nation …." Doc. #34 at 3–4.

This is not a criminal action so neither the right to confrontation nor the right to a speedy trial applies. *See United States v. Williams*, 447 F.2d 1285, 1291 (5th Cir. 1971) ("[T]he confrontation clause has applicability only in criminal cases …."); *United States v. Commey*, 452 F. App'x 21, 23 (2d Cir. 2011) ("Commey relies on the Speedy Trial Clause of the Sixth Amendment, which is, however, inapplicable to this civil proceeding."). And, the First Amendment's press rights do "not guarantee … a constitutional right of special access to information not available to the public generally." *Garrett v. Estelle*, 556 F.2d 1274, 1277 (5th Cir. 1977). There is no indication the 911 call is available to the public generally. Thus, none of the rights invoked in Sharkey's motion justify a court order directing production of the 911 call.

To the extent Sharkey's motion may be construed as seeking simple discovery, absent circumstances inapplicable here, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) …." Fed. R. Civ. P. 26(d)(1). No such conference has occurred in this case. More, discovery is currently stayed as a result of the pending motion for summary judgment, which included an assertion of entitlement to qualified immunity. *See* Doc. #30. Accordingly, Sharkey's motion will be denied. Williams' motion to strike or deny Sharkey's

3

motion will be denied as moot.

## III
## Unsworn Documents

Federal Rule of Civil Procedure 56(c) "permits a party to support or dispute summary judgment through unsworn declarations, provided their contents can be presented in admissible form at trial." *Patel v. Tex. Tech. Univ.*, 941 F.3d 743, 746 (5th Cir. 2019). "In other words, the party submitting the material must be able to demonstrate how it will be possible to introduce the content or substance of the material at trial." 11 MOORE'S FEDERAL PRACTICE - CIVIL § 56.91.[3] This is so because, "[i]f the substance cannot be put into an admissible form, the material can have no bearing on whether a trial is necessary, which is the ultimate determination to be made by the court in ruling on a motion for summary judgment." *Id*. Where a party objects to summary judgment evidence, "[t]he burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated." Fed. R. Civ. P. 56 advisory committee's note to 2010 amendment.

In his motion for summary judgment, Williams argues that "Sharkey cannot show that the[] statements [in the unsworn declarations] could be offered in a form admissible at trial." Doc. #28 at 10. Specifically, Williams contends he "has no reason to believe that the statements were actually written by the alleged signatories."[4] *Id*. Sharkey responds that he intends "to reserve the unsworn testimony for trial purposes." Doc. #29 at 2.

In considering the expected admissibility of a hearsay statement, a "court should be free to

---

[3] The Fifth Circuit, in setting forth the approach for considering unsworn declarations at the summary stage, has looked to MOORE'S FEDERAL PRACTICE. *Lee v. Offshore Logistical & Transp., L.L.C.*, 859 F.3d 353, 355 (5th Cir. 2017). In the absence of controlling authority on this issue, the Court will as well.

[4] Williams offers additional arguments regarding the admissibility of the documents themselves rather than their substance. These arguments have no bearing on the summary judgment inquiry.
4

ask the plaintiff what reason she has for believing that [the declarant] will in fact be available to testify at trial [and the] reasons for not obtaining sworn statements or sworn testimony from [the declarant] at this time." 11 MOORE'S FEDERAL PRACTICE - CIVIL § 56.91. "Depending on the circumstances, the failure to secure sworn statements at the summary-judgment stage—or to confirm that the witnesses can and will testify as expected later—can significantly undercut the claim that the statements actually can be presented in an admissible form at trial." *Id.*

Beyond a vague statement that he is "reserv[ing]" the unsworn testimony for trial, Sharkey has made no showing that any of the declarants actually *will* testify at trial, much less testify to the facts included in the unsworn statements. Under these circumstances, the Court concludes that additional inquiry is needed.

## IV
## Conclusion

Sharkey's motion to confront [34] is **DENIED**. Williams' motion to strike [35] is **DENIED as moot**. Within fourteen (14) days of this order, Sharkey is **DIRECTED** to submit an affidavit or a statement executed under penalty of perjury stating (1) why he believes each declarant will testify to the facts included in the unsworn declarations; and (2) why he is unable to obtain a sworn statement from the declarants.

**SO ORDERED**, this 20th day of December, 2019.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**