IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**JAMES ARTHUR SHARKEY**                                        **PLAINTIFF**

**VS.**                                                    **CIVIL ACTION NO.: 4:18-CV-00017-JMV**

**HUMPHREYS COUNTY, MISSISSIPPI** *et al.*                      **DEFENDANTS**

**ORDER**

This matter is before the court on the motion of defendants Humphreys County, Sheriff J.D. Roseman, in his individual and official capacity, and Deputy Sheriff Sean Williams, in his official capacity ("defendants") to strike affidavits submitted by the *pro se* plaintiff in response to the pending [46] motion for summary judgment. Doc. #46-47. The court finds that the motion is not well taken and should be DENIED.

Defendants move to strike lone affidavits filed by the *pro se* plaintiff at Docket Number 65, pursuant to Federal Rule of Civil Procedure 12(f), as a futile, immaterial and unauthorized pleading.

Rule 12(f) provides, in pertinent part, that "the court may strike from a pleading… any redundant, immaterial, impertinent, or scandalous matter." However, it does not provide for the striking of an affidavit on the merits. *Trahan v. Long Beach Mortg. Co.*, No. 9:05-CV-29, 2005 WL 8160787, at *1 (E.D. Tex. July 14, 2005) ("Rule 12(f) provides for a motion to strike certain matters from pleadings, but does not make any provision for testing the legal sufficiency of affidavits by a motion to strike.") (citations omitted); § 1380 Motion to Strike—In General, 5C Fed. Prac. & Proc. Civ. § 1380 (3d ed.) ("However, as the cases make clear, it is neither an authorized nor a proper way… to strike an opponent's affidavits…Rule 12(f) motions only may be

directed towards pleadings as defined by Rule 7(a); thus motions, affidavits, briefs, and other documents outside of the pleadings are not subject to Rule 12(f).").

Further, motions to strike are generally disfavored, and such a motion will typically be granted only if the subject of the motion to strike prejudices the movant. *Morehouse v. Ameriquest Mortg. Co.*, No. 9:05-CV-75, 2005 WL 8160875, at *1 (E.D. Tex. July 14, 2005) ("Generally, motions to strike are viewed with disfavor and infrequently granted. To succeed on a motion to strike, the movant must show that the allegations being challenged are so unrelated as to be unworthy of any consideration and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party…) (citations omitted); § 1382 Motion to Strike—Redundant, Immaterial, Impertinent, or Scandalous Matter, 5C Fed. Prac. & Proc. Civ. § 1382 (3d ed.) ("[A] motion to strike frequently has been denied when the court believes that no prejudice could result from the challenged allegations, even though the offending matter literally is within one or more of the categories set forth in Rule 12(f).").

Defendants' motion fails because the affidavits are not a "pleading" as anticipated by the Rule, and even if the court were inclined to allow the movant to proceed under Rule 12(f), defendants' motion still fails as the mere existence of the affidavits in the court record does not prejudice defendants, and the defendants have not otherwise alleged prejudice.

The court sees no reason to, and therefore declines to, exercise its discretion to strike the affidavits.

SO ORDERED, this 18th day of May, 2020.

Jane M. Virden<br>
U.S. MAGISTRATE JUDGE